**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHASE HAYES, | No. 17-55396 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00004-BEN-WVG |
| v. | |
| NASSCO, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Chase Hayes appeals pro se from the district court's judgment in his action

alleging employment discrimination in violation of Title VII and the Americans

with Disabilities Act ("ADA").  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a dismissal for failure to state a claim under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Hayes's Title VII and ADA claims related to his layoff because such claims are barred by the applicable statutes of limitations. *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII complainant must file EEOC charge no later than 180 days, or authorized state or local agency charge no later than 300 days, after alleged unlawful practice occurred); *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 823 & n.11 (9th Cir. 2001) (same statute of limitations for ADA claims).

The district court properly dismissed Hayes's Title VII and ADA claims related to NASSCO's rejection of his employment applications because Hayes failed to allege facts sufficient to show that he was treated less favorably than others outside of his protected class, or that he was disabled or perceived as disabled within the meaning of the ADA at the time he applied for these positions. *See Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003) (setting forth prima facie case of discrimination under Title VII); *Braunling v. Countrywide Home Loans, Inc.*, 220 F.3d 1154, 1156 (9th Cir. 2000) (setting forth prima facie case of employment discrimination under ADA).

17-55396

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**